UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| JOHN WESLEY HARDIN JR., ) | |
| ) | |
| Plaintiff, ) | Civil No. 5:17-cv-00329-GFVT |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| NANCY A. BERRYHILL, Acting ) | **&** |
| Commissioner of Social Security, ) | **ORDER** |
| ) | |
| Defendant. ) | |

**\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\***

John Wesley Hardin seeks judicial review of an administrative decision of the Commissioner of Social Security, which denied Hardin's claim for disability insurance benefits. Mr. Hardin brings this action pursuant to 42 U.S.C. § 405(g), alleging the decision is erroneous because the ALJ failed to acknowledge Plaintiff's motion to amend his alleged onset of disability (AOD) to a later date, and, in reaching the decision, failed to consider an important piece of medical evidence. [R. 12-1 at 1.] The Court, having reviewed the record and for the reasons set forth herein, will **DENY** Mr. Hardin's Motion for Summary Judgment and will **GRANT** the Commissioner's.

**I**

**A**

Plaintiff John Wesley Hardin, Jr. filed an application for Title II disability insurance benefits (DBI) on September 17, 2013, alleging disability beginning August 30, 2013 [Transcript (hereinafter, "Tr.") 202, 236] before amending the onset date to December 15, 2015. [R. 12-1 at 4.] After requesting a hearing, Mr. Hardin appeared and testified at an oral hearing on March 15,

2015, in front of Administrative Law Judge Don Paris. Tr. 36–84. On April 12, 2016, Judge Paris issued a decision denying Mr. Hardin's claims for benefits. *Id*. at 16–35. He requested review from the Appeals Council, who denied this request. *Id*. at 1.

To evaluate a claim of disability for supplemental security income benefit claims, an ALJ conducts a five-step analysis. *Compare* 20 C.F.R. § 404.1520 (disability insurance benefit claim) *with* 20 C.F.R. § 416.920 (claims for supplemental security income).[1] First, if a claimant is performing a substantial gainful activity, he is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, he does not have a severe impairment and is not "disabled" as defined by the regulations. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is "disabled." C.F.R. § 404.1530(d). Before moving on to the fourth step, the ALJ must use all of the relevant evidence in the record to determine the claimant's residual functional capacity (RFC), which assess an individual's ability to perform certain physical and metal work activities on a sustained basis despite any impairment experienced by the individual. *See* 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545.

Fourth, the ALJ must determine whether the claimant has the RFC to perform the requirements of his past relevant work, and if a claimant's impairments do not prevent him from doing past relevant work, he is not "disabled." 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering his RFC, age, education, and past work) prevent him from doing other

---

[1] For purposes of a disability insurance benefits claim, a claimant must show that his impairments were disabling prior to the date on which his insured status expired. 20 C.F.R. § 404.131. Beyond this requirement, the regulations an ALJ must follow when analyzing Title II and Title XVI claims are essentially identical. Hereinafter, the Court provides primarily the citations to Part 404 of the relevant regulations, which pertain to disability insurance benefits. Parallel regulations for supplemental security income determinations may be found in Subpart I of Part 416.

work that exists in the national economy, then he is "disabled." 20 C.F.R. § 404.1520(f).

Through step four of the analysis, "the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). At step five, the burden shifts to the Commissioner to identify a significant number of jobs that accommodate the claimant's profile, but the claimant retains the ultimate burden of proving his lack of residual functional capacity. *Id.*; *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008).

In this case, at step one, the ALJ determined that Mr. Hardin has not engaged in substantial gainful activity since August 30, 2013. Tr. 21. At step two, the ALJ found Mr. Hardin to have the following "severe" impairments: degenerative disc disease and hearing loss. *Id.* At step three, the ALJ found Mr. Hardin's combination of impairments do not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App'x 1. *Id*. at 23. Before moving to step four, the ALJ considered the record and determined that Hardin possessed the following residual functioning capacity:

> [Mr. Hardin] has the residual functioning capacity to perform work as defined at 20 CFR 404.1567(c) with lifting/carrying 50 pounds occasionally and 25 pounds frequently; standing/walking 6 hours in an 8-hour day; sitting 6 hours in an 8-hour workday; never climbing ladders or ropes; frequent stooping, kneeling, crouching, and crawling; and avoid concentrated exposure to noise, vibration, and all hazards such as unprotected heights.

*Id*. After explaining Hardin's RFC, the ALJ found at step four that, based on his RFC, age, education, and work experience, "there are jobs that exist in significant numbers in the national economy that the claimant can perform." *Id*. at 27. Accordingly, the ALJ found at step five that Mr. Hardin has not been under a disability since his alleged onset date pursuant to 20 C.F.R. § 404.1520(g). *Id*. Mr. Hardin filed this action for review on August 8, 2017. [R. 1.]

3

## B

The Court's review is limited to whether there is substantial evidence in the record to support the ALJ's decision. 42 U.S.C. § 405(g); *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003); *Shelman v. Heckler*, 821 F.2d 316, 319–20 (6th Cir. 1987). "Substantial evidence" is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The substantial evidence standard "presupposes that there is a zone of choice within which [administrative] decision makers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation and internal quotations omitted).

In determining the existence of substantial evidence, courts must examine the record as a whole. *Cutlip*, 25 F.3d at 286 (citing *Kirk v Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983)). However, a reviewing court may not conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012); *see also Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224, 1228 (6th Cir. 1988). Rather, if the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion. *See Ulman*, 693 F.3d at 714; *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999).

## II

Mr. Hardin presents two arguments to this Court as grounds for relief from the ALJ's unfavorable decision. Specifically, he argues (1) the ALJ gave insufficient weight to a cervical

CT scan taken and (2) the ALJ failed to rule on his motion to amend his alleged disability onset date, violating his rights to due process. [R. 12-1.] For the reasons below, Mr. Hardin's arguments do not warrant a reversal of the ALJ's determination.

A

First, Mr. Hardin argues the ALJ failed to consider the December 4, 2015 CT scan that proved a diagnosis of "significant cervical spinal canal stenosis"—evidence that the Claimant argues is a particularly important indicator of disability. [R. 12-1 at 1.] As an initial matter, the Court recognizes that "neither this Court nor the ALJ 'may [ ] focus and base [its] decision entirely on a single piece of evidence, and disregard other pertinent evidence.'" *Young v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 644, 649 (E.D. Mich. 2004) (quoting *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978)). In other words, an ALJ "may not pick and choose the portions of a single report, relying on some and ignoring others, without offering some rationale" for the decision. *Id*. However, as has already been explained, this Court is limited to deciding whether the ALJ's decision, "is supported by substantial evidence and was made pursuant to proper legal standards." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (citing *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007)). "If the Commissioner's decision is based upon substantial evidence, we must affirm, even if substantial evidence exists in the record supporting a different conclusion." *Id*. "The Court may not re-weigh the evidence and substitute its own judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion." *Putman v. Astrue*, 2009 WL 838155 at *5 (E.D. Tenn. Mar. 30, 2009); see also *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999). Thus, even if Mr. Hardin is correct that substantial evidence also

supports his conclusion, that would not justify granting his motion for summary judgment so long as substantial evidence of the record also supports the conclusion of the ALJ.

Contrary to Hardin's contention, the ALJ did acknowledge the December 4, 2015 CT scan, stating, "[t]he record contains a host of imaging, but no findings, even through December 2015, have warranted surgical intervention." Tr. 25. The December 2015 imaging is obviously referencing the CT scan, which Mr. Hardin contends is "the most important objective medical finding in Plaintiff's claim." [R. 17 at 2.] However, the ALJ has discretion to weigh evidence in whatever manner he sees fit and, so long as the decision is based on substantial evidence, is not obligated to specifically reference every medical finding a claimant points to as support for a finding of disability. In addition to the "host of imaging," the ALJ also cited the Plaintiff's symptoms [Tr. 23–24], history of medical procedures [Tr. 21, 24], the opinions of several treating physicians [Tr. 25-26], and the testimony of the vocational expert [Tr. 26-27]. The ALJ found, even after considering the imaging, that Mr. Hardin was not disabled.

The ALJ's evaluation of the evidence is entitled to deference by this Court. *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007). As stated previously, "The Court may not re-weigh the evidence and substitute its own judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion." *Putman v. Astrue*, 2009 WL 838155, at *5 (E.D. Tenn. Mar. 30, 2009); see also *Her*, 203 F.3d at 389–90. So long as the ALJ cited substantial evidence to support his conclusions, this Court may not re-evaluate his determinations. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012). Here, the ALJ's decision is supported by substantial evidence and therefore does not warrant dismissal.

**B**

Next, Mr. Hardin contends the ALJ erred by failing to rule on the oral motion to amend his alleged disability onset date. [R. 12-1 at 3–4.] However, this argument is also without merit because he has failed to show such error was material to the decision. In his letter to the Appeals Counsel requesting review of the hearing, Mr. Hardin first claimed the ALJ denied his motion without providing a basis for the denial. Tr. 345. Now, he asserts the ALJ did not rule on his motion at all. [R. 12-1 at 3–4.]

Even if the Court accepts Mr. Hardin's argument as true, that the ALJ did not rule on the motion, Mr. Hardin fails to identify why such an error affects the ALJ's finding of non-disability. The ALJ considered the CT scan of December 4, 2015, and still determined no disability existed between August 30, 2013 and April 12, 2016. Tr. 27–28. The ALJ was free to determine that disability began on December 4, 2015, the date of the CT scan, but the ALJ declined to find Mr. Hardin disabled through April 12, 2016. Thus, any error on behalf of the ALJ by either denying his motion or failing to rule on his motion also does not merit dismissal.

**III**

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that Plaintiff John Wesley Hardin Jr.'s Motion for Summary Judgment [**R. 12**] is **DENIED**, but the Commissioner's Motion for Summary Judgment [**R. 14**] is **GRANTED**. Judgment in favor of the Commissioner will be entered promptly.

This the 24th day of September, 2018.

Gregory F. Van Tatenhove
United States District Judge